UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHELLE CARTER                              CIVIL ACTION

VERSUS                                       NO: 10-797

DEUTCHE BANK NATIONAL TRUST                  SECTION: R
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is defendants BAC Home Loans Servicing, LP, Deutsche Bank National Trust Company, and MERSCORP, Inc.'s motion to dismiss.[1] For the following reasons, the Court GRANTS defendants' motion.

**I.  BACKGROUND**

This case concerns the foreclosure of Nichelle Carter's home in Destrehan, Louisiana.  On May 22, 2006, Carter obtained a home mortgage loan from Decision One Mortgage Company, LLC in the amount of $499,900, secured by property located at 2418 Ormond

---

[1]  (R. Doc. 8.)

Boulevard in Destrehan, Louisiana.[2] Mortgage Electronic Registration Systems, Inc. (MERS) was listed in the mortgage as the mortgagee. Deutsche Bank National Trust Company later became the mortgagee, although the record does not indicate when this occurred. BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP, serviced the loan.

Carter defaulted on the loan in April 2008, if not earlier. Deutsche Bank and MERS filed a petition for executory process in the 29th Judicial District Court of Louisiana on October 27, 2008. On October 28, 2008, the state court ordered the issuance of a writ of seizure and sale.[3] The defendants contend that Carter did not directly appeal this order, and Carter provides no evidence to the contrary. The sheriff gave notice of seizure on three separate occasions and then sold the property on March 4, 2009. On December 4, 2009, the state court issued a writ of possession ordering the sheriff to place Deutsche Bank and MERS in possession of the property.[4] On December 9, 2009, Carter filed an "Emergency Motion to Vacate Final Summary Judgment and Vacate Sheriff Sale for Fraud, Damages, Injunctive Relief and

---

[2] (R. Doc. 9, Ex. A.)

[3] *Id.*

[4] *Id.*

Other Relief" in the state court.[5] The state court denied Carter's motion on May 6, 2010,[6] and a notice of appeal was issued on May 27, 2010.

On March 5, 2010, Carter filed a complaint in this matter against Deutsche Bank, MERS, Countrywide Home Loans, Amstar Mortgage, Jamie Zelaya, and "John Does 1-XX, Inclusive." She alleges that the some or all of the defendants obtained the state court foreclosure order through fraud and that they violated her 14th amendment rights, her privacy rights, the Real Estate Settlement Procedures Act (RESPA), and the Truth in Lending Act (TILA).[7] Carter asks the Court to vacate the judgment of the state court under Rule 60(b)(3). BAC Home Loans Servicing, LP (formerly Countrywide Home Loans Servicing, LP), Deutsche Bank National Trust Company, and MERSCORP, Inc. now move to dismiss the case under Rule 12(b)(1).

## II. STANDARD

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's

---

[5] (R. Doc. 8, Ex. B.)

[6] (R. Doc. 12, Ex. F.)

[7] (R. Doc. 1.)

claim.  Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint.[8]  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[9]  Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.[10]  When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[11]  Accordingly, the Court may consider matters outside the

---

[8] *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas, Tex.*, No. 03-2223, 2006 WL 1450420, at *2 (N.D.Tex. May 24, 2006).

[9] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro*, 74 F.3d at 659.

[10] *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[11] *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

pleadings, such as testimony and affidavits.[12] A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum.[13]

**III. DISCUSSION**

Defendants contend that by challenging the foreclosure of her property, Carter is asking the Court to invalidate a state court judgment. This, they claim, is prohibited under the *Rooker-Feldman* doctrine. Further, defendants assert that all of Carter's claims are inextricably intertwined with the state court's judgment because they would necessitate review of that decision. Defendants therefore contend that all of Carter's claims should be dismissed.

Carter asks the Court to vacate the state court's judgment ordering the seizure and sale of her property. The Court, however, lacks jurisdiction to interfere with ongoing state

---

[12] *See Garcia*, 104 F.3d at 1261.

[13] *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

5

proceedings that implicate important state interests,[14] and it also lacks jurisdiction to review state-court judgments.[15] In *Flores v. Citizens State Bank of Roma, Texas*, the Fifth Circuit held that a federal district court lacked jurisdiction over a collateral attack on the validity of a state-court judicial foreclosure and writ of execution.[16] This case is no different. The State of Louisiana has an important interest in resolving foreclosure disputes,[17] and Carter had an adequate opportunity in

---

[14] *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 54 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

[15] *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983).

[16] 132 F.3d 1457 (5th Cir. 1997) (*per curiam*); *see also United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (declining to review state court judgment confirming validity of allegedly fraudulent foreclosure sale under *Rooker-Feldman*); *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (declining to review state court foreclosure action under either *Younger* or *Rooker-Feldman*); *DCR Fund I, LLC v. TS Family Ltd. P'ship*, 261 F. App'x 139, 145-46 (10th Cir. 2008) (declining to review state court foreclosure sale under either *Younger* or *Rooker-Feldman*); *Gray v. Pagano*, 287 F. App'x 155, 157 (3d Cir. 2008) (declining to review state court foreclosure action under *Younger*); *Mayhew v. Cherry Creek Mortg. Co.*, Inc., 2010 WL 935674, at *16-17 (D. Colo. Mar. 10, 2010) (declining to review state court foreclosure action under either *Rooker-Feldman* or *Younger*).

[17] *See, e.g.*, *Pennzoil*, 481 U.S. at 13-14 (finding state has important interest in "forcing persons to transfer property in response to a court's judgment" and in "challenges to the processes by which the State compels compliance with the judgments of its courts"); *Doscher*, 75 F. App'x at 997 (finding

state court to adjudicate her claim that the defendants fraudulently obtained a writ of seizure and sale.[18] Whether the state court's judgment is final, or whether it remains subject to the state appellate process, this Court lacks jurisdiction to review it.[19] The Court therefore dismisses Carter's claims that the state court's judgment was fraudulently or wrongfully obtained.

Carter also alleges that some or all of the defendants

---

state has important interest in foreclosure proceeding); *Prindable v. Assoc. of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (same); *Gallant v. Deutsche Bank Nat. Trust Co.*, Civ. A. No. 10-6, 2010 WL 537874, at *2 (W.D. Va. Feb. 11, 2010) (same); *Edward v. Dubrish*, Civ. A. No. 07-2116, 2009 WL 1683989, at *10-11 (D. Colo. June 15, 2009); *Smith v. Litton Loan Serv., LP*, Civ. A. No. 04-2846, 2005 WL 289927, at *6-7 (E.D. Pa. Feb. 4, 2005) (same); *Wellman v. Nat. City Mortg. Co.*, Civ. A. No. 08-531, 2008 WL 2329228, at *2 (S.D. Ohio June 4, 2008) (same).

[18] *See* La. Code Civ. P. arts. 2751-2754, 2642; *see also Avery v. CitiMortgage, Inc.*, 15 So.3d 240, 243 (La. Ct. App. 2009) ("Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.").

[19] *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("We hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system."); *see also Shepard*, 23 F.3d at 925 (federal court could not entertain collateral attack on state judgment whether or not the plaintiff had forfeited state court appeal rights).

violated her 14th amendment rights, her privacy rights, RESPA, and TILA. The Court lacks jurisdiction over claims which were not before the state court but which are "inextricably intertwined" with the state court's judgment, such that the Court is "in essence being called upon to review" that decision.[20] The Fifth Circuit has held that "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."[21]

Carter's constitutional and statutory allegations are "inextricably intertwined" with the state court's judgment ordering the issuance of a writ of seizure and sale. The only relief Carter seeks is that the state court's judgment be vacated.[22] While remedies other than rescission of the mortgage are potentially available under RESPA[23] and TILA,[24] Carter has not

---

[20] *Flores*, 132 F.3d at 1457, quoting *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995); *see also Riley v. Louisiana State Bar Ass'n*, 214 Fed.Appx. 456, 458 (5th Cir. 2007).

[21] *Turner v. Cade*, 354 Fed.Appx. 108, 111 (5th Cir. 2009), quoting *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986); *see also Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994).

[22] (R. Doc. 1, ¶1.)

[23] *See* 12 U.S.C. § 2605(f).

[24] *See* 15 U.S.C. § 1640. *See also Jacobowitz v. M & T Mortg. Corp.*, 2010 WL 1063895 (3d Cir. 2010) (*Rooker-Feldman* doctrine foreclosed TILA rescission claim).

requested such relief.  Moreover, Carter's constitutional claims appear to be an invalid attempt to cast her complaint in the form of a civil rights action in order to collaterally attack the state court judgment.[25]  As in *Flores*, the "sole purpose" of the plaintiff's action, including her constitutional and statutory claims, is to obtain review of the state court's judgment of foreclosure.[26]  Because the Court lacks jurisdiction to review the state court's judgment, Carter's claims must be dismissed.

## IV. CONCLUSION

For the reasons stated, BAC Home Loans Servicing, LP, Deutsche Bank National Trust Company, and MERSCORP, Inc.'s motion to dismiss is GRANTED.  Carter's complaint is DISMISSED without prejudice.

New Orleans, Louisiana, this 2nd day of August, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[25]  *See supra* note 18.

[26]  132 F.3d at 1457.

9